# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **CHARLES CROSTON**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:21-cv-589 |
| | Judge: |
| **SANIBEL SUNDIAL PARTNERS, LLC**, a Pennsylvania limited liability company, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CHARLES CROSTON** ("**CROSTON**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA), Florida Civil Right Act (FCRA) and F.S. §440.205 for (1) discrimination in violation of the ADA, (2) discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, (4) retaliation in violation of the FCRA, and (5) retaliation in violation of §440.205.

1

## PARTIES

2. The Plaintiff, **CHARLES CROSTON** ("**CROSTON**") is an individual who at all material times resided in Lee County, Florida and who worked for the Defendant in Lee County, Florida.

3. Defendant, **SANIBEL SUNDIAL PARTNERS, LLC** ("Defendant") is a Pennsylvania limited liability company and was **CROSTON**'s employer. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

6. **CROSTON** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on July 19, 2021 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

7. **CROSTON** began his employment with Defendant on December 28, 2015 and was employed as a safety representative.

8. **CROSTON** always performed his assigned duties in a professional manner and was extremely well qualified for his position despite being a qualified person with a disability.

9. **CROSTON** always received fully successful to exceptional performance reviews from Defendant prior to developing a disability and requesting reasonable accommodations.

10. **CROSTON**'s disability consists of musculo-skeletal impairments due to a workplace injury which affects the major life activities of walking and working.

11. More specifically, in late February 2020, **CROSTON** disclosed to the Defendant that he was going to need future medical care to treat the worker's compensation injury/disability.

12. Very shortly thereafter, **CROSTON** was furloughed.

13. However, in July 2020, **CROSTON** noticed that the Defendant had advertised his position and when **CROSTON** asked the Defendant when he would return from furlough, he was suddenly told by the Defendant that he no longer had a job because the Defendant was "going in a different direction."

14. At all material times, the Defendant was aware of **CROSTON**'s disability and worker's compensation injury, which is the basis for its discriminatory employment practices toward him.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

15. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

16. At all relevant times, **CROSTON** was an individual with a disability within the meaning of the ADAAA.

17. Specifically, **CROSTON** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

18. **CROSTON** is a qualified individual as that term is defined in the ADAAA.

19. **CROSTON** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

20. At all material times, **CROSTON** was an employee and the Defendant was his employer covered by and within the meaning of the ADAAA.

21. **CROSTON** has disabilities, which qualify under the ADAAA.

22. Defendant discriminated against **CROSTON** with respect to the terms, conditions, and privileges of employment because of his disabilities.

23. Defendant conducted itself with malice or with reckless indifference to **CROSTON**'s federally protected rights.

24. Defendant discriminated against **CROSTON** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

25. The conduct of Defendant altered the terms and conditions of **CROSTON**'s employment and **CROSTON** suffered negative employment action in the form of discipline and termination.

26. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **CROSTON** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

27. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **CROSTON** is entitled to all relief necessary to make him whole.

28. As a direct and proximate result of the Defendant's actions, **CROSTON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe

benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

29. **CROSTON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

30. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

31. At all relevant times, **CROSTON** was an individual with a disability within the meaning of the FCRA.

32. Specifically, **CROSTON** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

33. **CROSTON** is a qualified individual as that term is defined in the FCRA.

34. **CROSTON** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

35. At all material times, **CROSTON** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

36. **CROSTON** has disabilities, which qualify under the FCRA.

37. Defendant discriminated against **CROSTON** with respect to the terms, conditions, and privileges of employment because of his disabilities.

38. Defendant conducted itself with malice or with reckless indifference to **CROSTON**'s protected rights under Florida law.

39. Defendant discriminated against **CROSTON** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

40. The conduct of the Defendant altered the terms and conditions of **CROSTON**'s employment and **CROSTON** suffered negative employment action in the form of discipline and termination.

41. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CROSTON** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

42. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **CROSTON** is entitled to all relief necessary to make him whole.

43. As a direct and proximate result of the Defendant's actions, **CROSTON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

44. **CROSTON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADAAA- RETALIATION

45. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

46. Following **CROSTON**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **CROSTON**.

47. Said protected activity was the proximate cause of Defendant's negative employment actions against **CROSTON** including changed working conditions, discipline, and ultimately termination.

48. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **CROSTON** via changed working conditions, discipline, and termination.

49. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADAAA.

50. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **CROSTON** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

51. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **CROSTON** is entitled to all relief necessary to make him whole as provided for under the ADAAA.

52. As a direct and proximate result of Defendant's actions, **CROSTON** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

53. **CROSTON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

    vii.    Compensatory damages, and;

    viii.    Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

54. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

55. Following **CROSTON**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of his employment by terminating **CROSTON**.

56. Said protected activity was the proximate cause of Defendant's negative employment actions against **CROSTON** including changed working conditions, discipline, and ultimately termination.

57. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **CROSTON** via changed working conditions, discipline, and termination.

58. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

59. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CROSTON** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

60. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **CROSTON** is entitled to all relief necessary to make him whole as provided for under the FCRA.

61. As a direct and proximate result of Defendant's actions, **CROSTON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

62. **CROSTON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

### COUNT V – UNLAWFUL RETALIATION UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

63. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

64. **CROSTON** was injured on the job and required medical treatment.

65. **CROSTON** promptly reported the worker's compensation injury to the Defendant and a worker's compensation claim was filed.

66. **CROSTON** required ongoing and future medical treatment, which was compensable due to his injury occurring in the workplace.

67. Prior to his termination, **CROSTON** required future leave in order to receive treatment for his workplace injury.

68. The Defendant then terminated **CROSTON** as a direct result of the same.

69. Prior to his worker's compensation injury, **CROSTON** had received consistently good performance reviews and had not been subjected to discipline.

70. **CROSTON**'s filing of a worker's compensation claim, workplace injury and need for treatment for his workplace injury are the direct and proximate causes of the Defendant's termination of his employment.

71. As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.105, **CROSTON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, and interest.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CHARLES CROSTON**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

        Respectfully submitted,

Dated: August 9, 2021   **/s/ Benjamin H. Yormak**
           Benjamin H. Yormak
           Florida Bar Number 71272
           Trial Counsel for Plaintiff
           YORMAK EMPLOYMENT & DISABILITY LAW
           9990 Coconut Road
           Bonita Springs, Florida 34135
           Telephone: (239) 985-9691
           Fax: (239) 288-2534
           Email: byormak@yormaklaw.com